Learned, P. J.
This a claim referred under the statute. The claim, as presented to defendant, was on a note made by deceased, Hiram A. Ferguson, dated May 10, 1873, payable in one year, with interest, to Evaline A. Ferguson, or bearer; and also on $250 received by said Ferguson in his life time for said Evaline, of whom plaintiff is administrator, with the will annexed. Evaline died June 8, 1878; Hiram died August 10, 1883.
*126 The note was outlawed May 13, 1880, unless it was kept alive by the transaction of June, 1878.
The money $200 was delivered to him June 8, 1878, after the death of Evaline.
In a proceeding of this kind there are no pleadings on the part of the defense. Hence the defendant may urge any defense which the facts show.
If the transaction of 1878 was a valid and binding contract on all parties interested, then of course the defendant would not be liable to the representatives of Evaline for the note or for the money.
Since, in that view, there would have been a valid surrender of the note and money in consideration of the promises of Hiram A.
But on the other hand if there was no binding contract made in June, 1878, in relation to the note and money, then Hiram A. was liable to the executor or administrator, with the will annexed, of Evaline upon the note and for the money. If Hiram A. obtained possession of his note without authority, he still remained hable thereon to the the personal representatives of Evaline. His liability upon the note was not changed by his obtaining possession of it wrongfully. There is nothing then in the transaction of June, 1878, which prevented the statute of limitations from, running. It was not necessary for the representatives of Evaline to sue for the recovery of the note. They could sue on the note itself; because it was (on the supposition) in the maker’s possession wrongfully.
As to the $200, the right to recover that from Hiram A. arose at once upon its receipt; assuming as we now do, that he had no authority for taking it. The six years limitation, with the eighteen months allowed by section 403 of the Code, had not expired when this claim was presented. The recovery as to that amount with interest, was therefore proper.
The referee has awarded a recovery for the amount of the note, and for $150 with interest. Probably this was because he held that only $150 of the $200 was disposed of by the will of Evaline.
The judgment should be modified so as to award a recovery of only $200, and interest from June 9, 1878.
No costs of appeal.
Lardón, J., concurs; Bogkes, J., dissents.